UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| In re NEUTROPIC, INC. fdba LINGBA LOUNGE fdba LINGBA RESTAURANT, Debtor. | Case No. 10-30705 TEC Chapter 7 |
|---|---|

## NOTICE OF COMPROMISE

TO CREDITORS, THE UNITED STATES TRUSTEE, AND OTHER INTERESTED PARTIES:

**PLEASE TAKE NOTICE THAT** Andrea A. Wirum, Trustee in Bankruptcy of the estate of the above Debtor, has entered into an agreement with the Debtor's landlord and creditor the Potrero Group and its members (the "Landlord") regarding the character of the Landlord's claim against the bankruptcy estate. For the reasons below, the Trustee believes the compromise is in the best interest of the estate and should be approved by the Court.

### BACKGROUND

The Debtor operated a restaurant at 1469 18th Street, San Francisco, California (the "Premises"). The Premises are owned by the Landlord and the Debtor occupied them under a lease beginning in 2001. The lease term may have expired in mid 2008 but the Debtor continued to occupy the premises. In March 2007, the Debtor executed a promissory note for approximately $130,600 in favor of the Landlord. It appears that the Debtor stopped making payments on the note and paying rent in mid 2009. On September 11, 2009, the Landlord caused to be filed in the records of the California Secretary of State a UCC-1 financing statement to secure the loan against virtually all of the Debtor's assets. The promissory note itself made no reference to the granting of a security interest in the Debtor's assets. The UCC-1 financing statement was not signed by the Debtor, consistent with applicable law; however, without an agreement by the Debtor that it was granting a security interest, the security interest taken by the Landlord may not be enforceable.

The Debtor ceased business operations at the end of 2009 and, with the assistance of the Landlord, undertook an effort to market its business for sale. Several days before the Debtor filed its Chapter 7 petition, it entered into an agreement to sell the restaurant assets to Marco Rodriguez. Separately, the Landlord entered into a lease or other agreement with Mr. Rodriguez regarding future possession of the Premises. After reviewing the sale documents, the Trustee concluded that the sale as negotiated by the Debtor was in the best interest of the estate and that she should seek Court approval of the sale. On March 5, 2010, the Trustee served notice of her intent to seek an order authorizing the sale.

### THE COMPROMISE

The Landlord's cooperation in the sale is critical. The Landlord approached the Trustee and agreed to subordinate its secured claim to Chapter 7 administrative expenses (e.g., the fees and expenses of the

Trustee and her professionals). The Landlord further agreed to subordinate all but $8,000 of its secured claim to allowed, unsecured claims against the bankruptcy estate on the condition that the Trustee release the Landlord of any claims the estate might have against it. The Debtor disclosed no such claims in its schedules of assets. Based on her investigation, including a discussion between her counsel and counsel for the Debtor, the Trustee has concluded that no claims against the Landlord exist except possible claims that the Landlord's security interest is unenforceable or "avoidable." Although the Trustee has concluded that there are factual and legal grounds for asserting such claims, she has determined that the conditions suggested by the Landlord are reasonable and that the claims should be released so that the sale may be concluded, costs of administration be paid, and all but $8,000 available for payment of other claims against the estate (which are believed to be primarily tax debt). In practical effect, the Landlord's proposal is equivalent to an agreement that its secured claim is limited to $8,000.

The Trustee believes the compromise is in the best interest of the estate and should be approved.

Approval or rejection of a compromise is within the Court's discretion. In considering the approval of a proposed compromise, the Court must take into account the following factors:

1. The probability of success in the litigation;
2. The difficulty, if any, to be encountered in collection;
3. The complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it;
4. The paramount interest of creditors and proper deference to their reasonable views.

*In re A&C Properties*, 784 F. 2d 1377, 1381 (9th Cir. 1986).

Probability of Success

Based on the documents the Trustee currently has in her possession, she believes the probability of success in an attack on the validity of the Landlord's security interest is high. However, the Landlord insists that it acted well within its rights to "perfect" its security interest by filing the UCC-1 financing statement in September 2009. If the Landlord can produce evidence to support its position or a compelling legal argument, the result will be that the Landlord's security interest encumbers all assets except the Debtor's liquor license, which would mean that no funds would be available for any other creditors and, absent a surcharge under Section 506(c) of the Bankruptcy Code, no administrative expenses or other claims would be paid. Even with a surcharge under Section 506(c), only limited administrative expenses would be paid.

Difficulty in Collection

The Trustee's potential claims do not seek affirmative recovery of money. As a result, this factor is not significant. However, the Trustee notes that "avoidance" of the Landlord's lien would likely be a futile act if the sale is not consummated. The only asset that might have value if the sale is not consummated is the liquor license which appears to be fully encumbered by a tax hold in favor of the State Board of Equalization.

Complexity, Expense, and Delay

By subordinating its lien claim to Chapter 7 administrative expense and subordinating all but $8,000 of its lien to unsecured claims (most importantly priority tax debt) the Landlord's proposal presents

the Trustee with the following question: can the Trustee litigate to conclusion an action against the Landlord to "avoid" its lien at a cost of less than $8,000 to the bankruptcy estate? Regardless of questions about probability of success, the answer to this question is the Trustee probably cannot do so for less than $8,000. Therefore, a victory by the Trustee would result in greater cost to the estate than acceptance of the Landlord's proposal. If the Landlord prevailed, there would be no money in the estate to pay the litigation cost. The legal and factual issues are not particularly complex and the delay caused by litigation would not be significant in the Trustee's opinion. Expense is the critical factor when weighed against the risk that the Landlord would prevail in protecting its security interest.

Paramount Interest of Creditors

The Debtor disclosed $320,000 in priority tax debt in favor of the State Board of Equalization. Based on the Debtor's schedules of assets, the Trustee does not believe that other assets are available to be liquidated and, at this time, knows of no claims against third parties that would bring additional cash into the bankruptcy estate for payment of debt. Because it appears that the primary beneficiary of the sale would be the State Board of Equalization, the Trustee believes that limiting expense is in the best interest of creditors and this compromise serves that goal.

**PLEASE TAKE NOTICE THAT** anyone who wishes to object to the sale of must do so in conformity with Rule 9014-1 of the Bankruptcy Local Rules for the Northern District of California. Rule 9014-1 requires an objecting party to file a written objection with the Clerk of the United States Bankruptcy Court, P.O. Box 7341, San Francisco, California 94120, and to serve a copy on counsel for the Trustee **no later than 21 days** from the date of this notice. Rule 9014-1 also requires an objecting party to file with its objection any legal memorandum and evidence (submitted by declaration) which it wants the Court to consider in support of its objection. If an objection is timely filed and served, counsel for the Trustee will obtain a hearing date and time and will provide the objecting party with at least seven days notice of the hearing. If no objection is timely filed and served, the Trustee will request entry of an order authorizing the sale without an actual hearing.

**PLEASE TAKE FURTHER NOTICE THAT** as of January 1, 2005, electronic filing became mandatory in the United States Bankruptcy Court for the Northern District of California. Those persons who may wish to object but are not qualified to file documents electronically with the Bankruptcy Court should check the Bankruptcy Court's website (www.canb.uscourts.gov) for guidance.

DATED: March 8, 2010  LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _Charles P. Maher_
Charles P. Maher
Proposed Counsel for Andrea A. Wirum, Trustee

Charles P. Maher, State Bar No. 124748
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610